GABRIEL SOLER y su esposa MATILDE MARÍN DE SOLER, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 924.—*Sometido:* Junio 7, 1934. *Resuelto:* Junio 15, 1934.

*Cayetano Coll y Cuchí,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 4 de abril de 1934 Gabriel Soler y su esposa Matilde Marín comparecieron ante el Notario Público Cayetano Coll y Cuchí y otorgaron un "Acta de reconocimiento de propiedad y otros extremos," que presentaron para su inscripción en el Registro de la Propiedad de San Juan, Sección 1ª., acompañada de otra escritura titulada "Acta de ratificación" otorgada ante el mismo notario por José Rubert y Gabriel Soler como apoderados de la Viuda y los Hijos de don Luis Rubert y por Diego O. Marrero como mandatario verbal de la viuda de don José Enatarriaga.

Negó el registrador la inscripción solicitada y contra su negativa es que se ha interpuesto el presente recurso gubernativo.

Del acta de reconocimiento de propiedad resulta que el Tesorero de Puerto Rico ejecutó cierta finca para el pago de las contribuciones que adeudaba adjudicándola a Gabriel Soler. Expedido el correspondiente certificado a favor de Soler fué presentado e inscrito en el registro de la propiedad.

Así las cosas, Soler y su esposa acudieron ante notario y otorgaron el primero de los documentos mencionados del que transcribimos lo que sigue:

"Tercero: Los comparecientes hacen constar, que al tiempo de publicarse los edictos para venderse en pública subasta la finca a que se refiere este documento, para satisfacer las contribuciones adeudadas por doña Irene Agrait Font, según se expone en los antecedentes de este documento, ya dicha finca había pasado a la propiedad de los herederos de don Luis Rubert y de don José Enatarriaga; y el compareciente don Gabriel Soler, con la intención de actuar, y actuando en la representación de ambas sucesiones, compareció en la subasta con el fin de pagar a su nombre y representación, las contribuciones debidas, pero por un error e inadvertencia, que no estuvo en su mente cometer, al efectuar el pago de las dichas contribuciones atrasadas, el Departamento de Hacienda le conceptuó y tuvo como un postor por las fincas, por el precio de las contribuciones, a cuyo

fin expidióle un certificado de compra de bienes inmuebles, el cual copiado literalmente dice así:

*    *    *    *    *    *    *

"Este certificado fué debidamente inscrito en el Registro de la Propiedad en cuanto a la tercera parte de la finca correspondiente a la Sucesión de don Luis Rubert, al folio treinta y cuatro del tomo ciento siete de esta Capital, finca número doscientos treinta y nueve sextuplicado, inscripción veintiocho; y en cuanto a las dos terceras partes de doña Pilar Lizargarate viuda de Enatarriaga, al folio treinta y cinco vuelto, del tomo ciento siete de la Capital, finca doscientos treinta y nueve inscripción veintinueve.

"CUARTO: Los comparecientes en este acto desean rectificar el error cometido, acreditando que el dinero pagado de contribuciones no procedía de su propio peculio, sino que las cantidades correspondían a los verdaderos dueños del inmueble, a saber: La Sucesión de don Luis Rubert, compuesta en la forma antedicha, y doña Pilar Lizargarate Viuda de Enatarriaga; y que la propiedad adquirida por los comparecientes en la pública subasta, lo fué por error de hecho y de derecho, sin que nunca hubiera sido su intención llevar a efecto semejante acto.

"Y a los fines de corregir semejante error, levantan esta acta para que el Registrador de la Propiedad rectifique las inscripciones referidas y vuelva a inscribir esta finca en la proporción de una tercera parte y dos terceras partes proindiviso, a favor de sus verdaderos dueños, la Sucesión de don Luis Rubert y Catalá compuesta por su viuda doña Antonia Armstrong, y por sus hijos, Carmen, María Magdalena, Francisca, Antonia, Luisa, José Ángel y Guillermo Juan Rubert y Armstrong; y doña Pilar Lizargarate Viuda de Enatarriaga, quienes los otorgantes reconocen que siempre fueron, han sido y son los únicos y verdaderos dueños del inmueble, sin que el certificado de venta expedido a favor del compareciente don Gabriel Soler, por el Departamento de Hacienda del Gobierno de Puerto Rico represente una enajenación real y efectiva, por haberse pagado dichas contribuciones con peculio de los verdaderos dueños, y sin haber tenido en mente los otorgantes la adquisición en forma alguna de este inmueble."

Del documento acompañado al acta de reconocimiento consta la conformidad de los herederos de Rubert y Enatarriaga con lo otorgado en la misma.

La negativa del registrador se basó en que:

". . . Por las simples manifestaciones comprendidas en este título se pretende rectificar un error cometido en un procedimiento administrativo seguido en cobro de contribuciones morosas por el Colector de Rentas Internas de San Juan, en representación del Tesorero de Puerto Rico, la cual rectificación, de acuerdo con la sección veintiséis de la ley de fecha catorce de marzo de mil novecientos siete, página trescientos sesentiuno, es de la exclusiva competencia del Tesorero de Puerto Rico, en quien reside la facultad de declarar canceladas las ventas celebradas indebidamente por el Colector de Rentas Internas, señalándose en la ley, el medio adecuado en tales casos."

No estamos conformes. La ley que invoca el registrador prescribe:

"Sección 26.—Que cuando se hubiere vendido cualquiera propiedad inmueble por contribuciones morosas, y se hubiere rematado a favor de El Pueblo de Puerto Rico, y resultare después que, por cualquiera razón, dicha venta fué hecha con irregularidad, y que se ha privado indebidamente de la propiedad a su dueño, el Tesorero de Puerto Rico estará facultado para cancelar dicha venta y, cuando fuere necesario, librará un certificado de redención, el cual surtirá el efecto de un nuevo traspaso de la propiedad a su dueño, o a sus herederos o cesionarios, según sea el caso, y la propiedad quedará sujeta a todas las cargas y reclamaciones legales contra ella, en la misma amplitud y forma como si no se hubiera vendido para el pago de contribuciones, y el registrador de la propiedad inscribirá el certificado de redención, sin cobrar honorarios por ese servicio."

Basta una mera lectura de esa disposición para concluir que no es aplicable a este caso en que la venta se hizo no a favor del Pueblo sino de Soler, quien, unido a su esposa, tenía facultad para restablecer la exacta verdad de lo ocurrido y reconocer en contra suya el derecho de otras personas que se mostraron conformes en que así se hiciera, sin necesidad de que el Tesorero adoptara medida alguna en cuanto a su actuación administrativa.

Como dicen los recurrentes en su petición:

". . . no cabe duda alguna que si la Sucesión de don Luis Rubert y doña Pilar Lizargarate Vda. de Enatarriaga recurrieran ante un

tribunal de jurisdicción ordinaria para solicitar la nulidad de la venta llevada a cabo por El Pueblo de Puerto Rico a favor de Gabriel Soler y Matilde Marín, fundándose en que dieron a éstos el dinero necesario, de su propio peculio, para el pago de dichas contribuciones, y que en vez de ser las contribuciones pagadas, las fincas fueron rematadas por Soler y su esposa; y si Gabriel Soler y Matilde Marín comparecieran allanándose a esta demanda, la sentencia dictada sería inevitablemente la de reinstalar en su dominio a los verdaderos dueños.

"Siendo esto así, el Registrador de la Propiedad de San Juan ha perdida de vista el principio de que una declaración judicial sobre derechos litigados es posible solamente cuando se litigan los derechos; pero no cuando se reconocen y admiten; y si Gabriel Soler y su esposa, los únicos con facultades para ello y que pueden ser perjudicados por sus propios actos, comparecen ante un notario público y admiten la certeza de un hecho, esta admisión tiene la misma fuerza y valor probatorio ante todos los agentes y oficinas del Gobierno que si se tratara de una sentencia de un tribunal de justicia."

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada con los defectos subsanables apuntados por el Registrador sobre los cuales no ha versado el recurso.*